RESPONDENT PRO SE
Terry Lee Smith
Reynolds, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Secretary
Seth T. Pruden, Staff Attorney
Indianapolis, Indiana

FILED

Oct 25 2016, 9:59 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

# In the
# Indiana Supreme Court

### No. 91S00-1603-DI-136

IN THE MATTER OF:

TERRY LEE SMITH,

*Respondent.*

Attorney Discipline Action
Hearing Officer Robert C. Reiling, Jr.

**October 25, 2016**

**Per Curiam.**

The Indiana Supreme Court Disciplinary Commission filed a "Verified Complaint for Disciplinary Action" against Respondent Terry Lee Smith, charging him with attorney misconduct based on actions taken while prosecuting a defendant's retrial. Respondent's 1977 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

This matter is now before the Court on the report of the hearing officer appointed by this Court to hear evidence on the verified complaint and on the post-hearing briefing by the parties. Based on the record before us, we conclude that Respondent did not engage in attorney misconduct as charged and therefore enter judgment in Respondent's favor.

**Procedural Background and Facts**

At relevant times, Respondent served as a deputy prosecuting attorney in White County. In 2011, Respondent represented the State during the trial of Ryan Bean on child molestation charges. Bean was convicted and appealed. The Court of Appeals reversed and remanded for a new trial, holding Bean's confession to police was obtained in violation of his Fifth Amendment rights and should not have been admitted into evidence. Bean v. State, 973 N.E.2d 35 (Ind. Ct. App. 2012), *trans. denied*.

Respondent again represented the State during Bean's retrial in 2013. Respondent's actions during that retrial, which we examine below, provide the basis of the allegations in this disciplinary proceeding. Bean was convicted following retrial, appealed, and again had his conviction reversed, this time upon the Court of Appeals' conclusion that improper vouching and prosecutorial misconduct cumulatively amounted to fundamental error. Bean v. State, 15 N.E.3d 12 (Ind. Ct. App. 2014) ("Bean II"), *trans. denied*. Bean eventually pled guilty to lesser charges.

The Commission charged Respondent with violating Indiana Professional Conduct Rule 8.4(d) by engaging in conduct prejudicial to the administration of justice during Bean's retrial. Following a hearing, the hearing officer filed his report to this Court on April 28, 2016, concluding that the Commission had not met its burden of proving that Respondent violated Rule 8.4(d) as charged.

**Discussion**

The Commission has petitioned this Court to review the hearing officer's findings and conclusions. The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *See* Ind. Admission and Discipline Rule 23(14)(i). While the review process in disciplinary cases involves a *de novo* examination of all matters presented to the Court, the hearing officer's findings nevertheless receive emphasis due to the unique opportunity for direct observation of witnesses. *See* Matter of Brizzi, 962 N.E.2d 1240, 1244 (Ind. 2012).

2

We first address the Commission's threshold argument that <u>Bean II</u> should be given preclusive effect in this disciplinary proceeding. The Commission concedes "that res judicata does not technically apply when there is no exact privity of parties." (Pet. for Review at 13). Nevertheless, the Commission argues that the underlying question of Respondent's misconduct is the same in both proceedings, and therefore the Court of Appeals' conclusions in this regard should now be treated as "conclusively established." (<u>Id.</u> at 14).

We agree with the hearing officer's conclusion that <u>Bean II</u> is not dispositive of this disciplinary matter. "It is the exclusive province of this Court to regulate professional legal activity." <u>Matter of Mitthower</u>, 693 N.E.2d 555, 558 (Ind. 1998). While appellate claims of prosecutorial misconduct and disciplinary allegations of Rule 8.4(d) violations may share some similarities, the analyses are not exactly the same, nor are the parties and interests at stake in the proceedings the same. A criminal appeal examines the propriety of a defendant's conviction, not whether an attorney's conduct merits professional discipline. Respondent was not a party to the criminal appeal and did not have an opportunity prior to the instant proceedings to defend his own professional conduct. Moreover, disciplinary proceedings afford the opportunity for evidentiary development beyond the cold record available to the Court of Appeals in a criminal appeal. We have previously recognized that a written trial transcript "presents only a small part of the whole picture," *see* <u>Whiting v. State</u>, 969 N.E.2d 24, 31 (Ind. 2012), and in a disciplinary proceeding the parties may be able to offer additional evidence that paints a more complete picture.

Indeed, that is precisely what has happened here. The Commission alleges that Respondent committed misconduct in three respects – first, by improperly eliciting testimony from the county sheriff ("Sheriff Shafer") about Bean's confession, in violation of an order in limine; second, by eliciting improper vouching; and third, by making statements during closing argument that were inaccurate and that placed undue emphasis on the improper vouching testimony. However, we agree with the hearing officer's conclusion that the evidence adduced in these proceedings fails to prove the Commission's allegations.

On this first issue, the hearing officer credited Respondent's disciplinary testimony that he specifically instructed Sheriff Shafer prior to his trial testimony not to mention the police interview. By contrast, the trial transcript is largely silent on this point. The Commission concedes that Respondent did not directly ask Sheriff Shafer about the interview but argues that asking Sheriff Shafer questions about his investigation "necessarily included the interview assuming Sheriff Shafer was going to answer the question completely and truthfully." (Pet. for Review at 11).[1] This argument rests on the untenable proposition that Respondent, having fully and accurately advised Sheriff Shafer of the order in limine, nonetheless should have anticipated that Sheriff Shafer would violate that order in responding to generally-worded questions about his investigation. While Sheriff Shafer's reference to the interview unquestionably was improper, the Commission has failed to prove by clear and convincing evidence that Respondent *elicited* that reference.

On the second issue, the Commission focuses largely on testimony by Darrel Noonkester (an investigator for the Indiana Department of Child Services) that he and his agency "substantiated" the allegations.[2] This term of art was not encompassed by the trial court's order in limine and its brief use by Respondent and Noonkester prompted no objection. Further, Bean II acknowledged divergent lines of Court of Appeals' precedent on the propriety of "substantiation" testimony, Respondent testified he attempted to craft his questions consistently with appellate guidance and the order in limine, and the hearing officer credited that testimony. We agree with the hearing officer's conclusion that the Commission has failed to establish by clear and convincing evidence that Respondent committed misconduct by eliciting improper vouching testimony.

---

[1] Sheriff Shafer's brief mention of an interview occurred at the end of a longer answer to Respondent's open-ended question, made in reference to police investigations of molestations that are not immediately disclosed, "So, what do you do?" (Comm'n Ex. 3 at 130).

[2] The victim's mother volunteered at one point that she believed the victim after talking with her. (Id. at 46-47). Respondent also asked the mother's boyfriend if he believed the victim after talking with her; however, a defense objection was sustained and the question was not answered. (Id. at 93). The Commission's petition for review does not mention the question Respondent asked the boyfriend and mentions the mother's volunteered statement only in passing.

On the third issue, the evidence in these disciplinary proceedings includes the audio recording of Respondent's closing argument, which differs from the written transcript. The Court of Appeals held in <u>Bean II</u> that Respondent's statement in closing argument that Sheriff Shafer "substantiated" the allegations against Bean was inaccurate. However, the audio recording demonstrates that Respondent did not actually make the statement attributed to him in the written transcript; rather, Respondent stated that Sheriff Shafer arrested Bean. We agree with the hearing officer that this is a material difference. As reflected in the audio recording, Respondent's closing argument accurately described Sheriff Shafer's testimony.

Still, the Commission faults Respondent for referring in the same passage of closing argument to Noonkester's "substantiation" testimony and to the belief of the victim's mother and the mother's boyfriend that the victim was telling the truth. For the reasons described above, Respondent had no basis at this juncture to believe that a brief reference to "substantiation" was improper. And while we are more troubled by Respondent's subsequent statement about the belief of the victim's mother and her boyfriend, under the circumstances of this case we cannot conclude that this isolated comment, standing alone, rises to the level of conduct prejudicial to the administration of justice under Rule 8.4(d).

## Conclusion

The Court concludes that the Commission has not met its burden of proving by clear and convincing evidence that Respondent violated Indiana Professional Conduct Rule 8.4(d). We therefore enter judgment in favor of Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.