## In the MATTER OF: Keith A. HENDERSON, Respondent

### Supreme Court Case No. 22S00-1503-DI-135

Supreme Court of Indiana.

Filed January 13, 2017

Published Order Finding Misconduct and Imposing Discipline

Loretta H. Rush, Chief Justice of Indiana

Upon review of the report of the hearing officer, the Honorable David L. Pippen, who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," and the briefs of the parties, the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

**Facts:** At all relevant times, Respondent was the elected prosecutor for Floyd County. The charges in this disciplinary action trace their genesis to the prosecution of David Camm, a former police officer charged with murdering his wife and two minor children. Camm twice was convicted, but in each instance his convictions were reversed on appeal. Camm v. State, 812 N.E.2d 1127 (Ind. Ct. App. 2004), *trans. denied*; Camm v. State, 908 N.E.2d 215 (Ind. 2009) ("Camm II"). Camm ultimately was acquitted following a third trial in 2013. Respondent prosecuted the second trial, and he initially continued to represent the State during proceedings in advance of the third trial until his removal from the case due to the conflict of interest described below.

Days after the jury in the second trial returned a guilty verdict, Respondent—with the intent to write and publish a book about the Camm case—entered into an agreement with "Literary Agent." Thereafter, Respondent continued to represent the State in post-trial proceedings in the trial court and assisted the Attorney General during appellate proceedings in Camm II. In early June 2009, while Camm II was pending before this Court, Respondent entered a publication agreement with "Publisher." After we issued our decision reversing Camm's convictions and remanding for a third trial, Respondent wrote to Literary Agent, expressing his belief that "this is now a bigger story" and asking Literary Agent to seek a "pushed back time frame" for publication and "to push for something more out of the contract." However, Publisher instead elected to terminate the book contract.

Following the conclusion of appellate proceedings in Camm II, in December 2009 Respondent refiled murder charges against Camm, and Camm petitioned for appointment of a special prosecutor. In January 2011, the trial court denied Camm's request for a special prosecutor. Camm pursued an interlocutory appeal, and in November 2011 the Court of Appeals reversed the trial court and ordered Respondent's removal from the case. Camm v. State, 957 N.E.2d 205 (Ind. Ct. App. 2011), trans. denied.

Meanwhile, the Commission began investigating a disciplinary grievance filed against Respondent by Camm's counsel. Respondent retained private counsel to represent him during this investigation and later submitted six payment vouchers to the Floyd County Auditor (with his counsel's invoices attached) seeking reimbursement of his legal fees.

Count 1 of the Commission's verified complaint, as amended over Respondent's objection, charged Respondent with violations of Indiana Professional Conduct Rules 1.7(a)(2), 1.8(d), and 8.4(d), premised on Respondent's conflict between his duties to the State and his own personal interests and the impact that conflict had upon the criminal proceedings against Camm. The hearing officer found Respondent's conduct violated all three rules, writing that "[o]nce [Respondent] compromised his independent judgment by securing his personal interests, he irreversibly and materially limited his own ability to represent the State in the prosecution of Camm." (HO's Report at 9).

Count 2 of the verified complaint charged Respondent with violations of Professional Conduct Rules 8.4(c) and 8.4(d), premised on the notion that Respondent misled Floyd County officials into believing that his requests for reimbursement were for expenses directly tied to the Camm criminal proceedings rather than expenses incurred in defending himself personally against potential disciplinary charges. The hearing officer found that the Commission failed to sustain its burden of proof on these two alleged rule violations, citing among other things an absence of "clear and convincing evidence that [Respondent's] submissions to Floyd County were fraudulent, deceitful or misrepresentative of what [Respondent] was requesting." (HO's Report at 11).

**Violations:** The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. See Indiana Admission and Discipline Rule 23(14)(i) (2016). And while the review process in disciplinary cases involves a de novo examination of all matters presented to the Court, a hearing officer's findings nevertheless receive emphasis due to the unique opportunity for direct observation of witnesses. See Matter of Brizzi, 962 N.E.2d 1240, 1244 (Ind. 2012).

We have considered the parties' arguments regarding the pre-hearing amendment of Count 1, the various affirmative defenses raised by Respondent, and the findings and conclusions made by the hearing officer in his report. We decline to disturb the hearing officer's decision to allow the Commission to amend Count 1 in advance of the final hearing. Upon careful review of the materials before us, we find sufficient support for the hearing officer's findings and conclusions with respect to each of the charged rule violations. Accordingly, we find Respondent violated Professional Conduct Rules 1.7(a)(2), 1.8(d), and 8.4(d) with respect to Count 1, and we find in favor of Respondent on Count 2.

**Discipline:** The hearing officer recommended that Respondent receive a public reprimand. The Commission argues he should be suspended. The violation is serious and adversely affected the administration of justice in this case. However, noting Respondent's misconduct occurred in connection with a single, unusual case and is an aberration from what otherwise has been a long and distinguished career as a public servant, we conclude a suspension is not warranted in this case. Thus, for Respondent's professional misconduct, the Court imposes **a public reprimand.**

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur, except Slaughter, J., who is not participating.