In the MATTER OF: Carl J. BRIZZI, Respondent

Supreme Court Case No. 49S00-1605-DI-273

Supreme Court of Indiana.

Filed April 5, 2017

Published Order Finding Misconduct and Imposing Discipline

Loretta H. Rush, Chief Justice of Indiana

Upon review of the report of the hearing officer, the Honorable Robert C. Reiling, Jr., who was appointed by this Court to hear evidence on the Indiana Supreme Court Disciplinary Commission's "Verified Complaint for Disciplinary Action," the Court finds that Respondent engaged in professional misconduct and imposes discipline on Respondent.

■ **Facts:** During all relevant times, Respondent was the elected Marion County Prosecutor. The charges in this case arise from Respondent's business relationship with former criminal defense attorney Paul Page. That relationship included a limited liability corporation ("LLC"), formed in connection with a joint real estate venture, in which Respondent held a 50% membership interest.

As an elected prosecutor, Respondent was required to file a Statement of Economic Interests annually with the Commission on Judicial Qualifications. In the Statement Respondent filed for calendar year 2008, Respondent failed to disclose his financial interest in the LLC. The Disciplinary Commission charged Respondent with violating Indiana Professional Conduct Rule 8.4(c), which proscribes conduct involving "dishonesty, fraud, deceit, or misrepresentation." However, the HO found the evidence undisputed that Respondent's omission was inadvertent and accordingly found no violation in this regard.

Separately, in early 2009 Page was representing an individual ("Mobareki") facing several drug charges in Marion County, the most serious of which was a class B felony. The deputy prosecutors handling the case, including the chief deputy of the narcotics division, had worked out a tentative agreement with Page that called for Mobareki to plead guilty to a class C felony and forfeit $17,550 in cash that had been seized at the time of Mobareki's arrest. However, Page brought the matter directly to Respondent, who then inter-

vened and instructed his deputies to allow Mobareki to plead guilty to a class D felony (with eligibility for alternate misdemeanor sentencing) and to return a portion of the seized cash to Mobareki. Intervention of this nature was highly unusual; the chief deputy indicated he had never previously been given such an instruction by Respondent in a narcotics case, and both deputies knew of no reason to reduce the lead charge to a class D felony or to return any of the seized funds, as they felt the case against Mobareki was very strong. Based on these events, the Commission charged Respondent with violating Professional Conduct Rule 1.7(a)(2), which generally prohibits representation of a client if "there is a significant risk that the representation ... will be materially limited by ... a personal interest of the lawyer," and the hearing officer concluded the evidence was clear and convincing that Respondent violated this rule.

During the Commission's investigation of the Mobareki matter, Respondent told the Commission that the deputy prosecutors had offered Mobareki a plea to a class D felony prior to Respondent's intervention. Based on this, the Commission charged Respondent with a second Rule 8.4(c) violation, alleging this statement was knowingly false. While the statement was not accurate, the HO found insufficient evidence it was knowingly false and accordingly found no violation in this regard.

Respondent has prior discipline for unrelated misconduct that also involved his professional duties as Marion County Prosecutor. Matter of Brizzi, 962 N.E.2d 1240 (Ind. 2012).

█ **Violation:** Where no party files a petition for review or brief on sanctions challenging the hearing officer's findings, "we accept and adopt those findings but reserve final judgment as to misconduct and sanction." Matter of Levy, 726 N.E.2d

1257, 1258 (Ind. 2000). Having considered the materials before us, we concur in the hearing officer's findings of fact, conclude that Respondent violated Professional Conduct Rule 1.7(a)(2), and find in favor of Respondent on the remaining charges.

**Discipline:** The hearing officer recommended that Respondent receive a 30-day suspension, and the parties have not filed briefs urging a different result. We concur with the hearing officer's recommendation. Accordingly, for Respondent's professional misconduct, the Court **suspends Respondent from the practice of law for a period of 30 days, beginning May 1, 2017.** Respondent shall not undertake any new legal matters between service of this order and the effective date of the suspension, and Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(18)(a).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur, except Massa, J., who is not participating.