ATTORNEYS FOR RESPONDENT
Kevin P. McGoff
Margaret M. Christensen
Melissa Buckley Minix
Indianapolis, Indiana

ATTORNEYS FOR THE INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Aaron Johnson, Staff Attorney
Indianapolis, Indiana

# In the
# Indiana Supreme Court



FILED
Aug 11 2017, 10:39 am
CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

No. 49S00-1509-DI-522

IN THE MATTER OF:

GILLIAN DEPREZ KEIFFNER,

*Respondent.*

Attorney Discipline Action
Hearing Officer Robert W. York.

**August 11, 2017**

**Per Curiam.**

The Indiana Supreme Court Disciplinary Commission filed a "Verified Complaint for Disciplinary Action" against Respondent Gillian DePrez Keiffner, charging her with attorney misconduct based on actions taken while prosecuting two criminal trials. Respondent's 2007 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

This matter is now before the Court on the report of the hearing officer appointed by this Court to hear evidence on the verified complaint and on the post-hearing briefing by the parties. Based on the record before us, a majority of the Court concludes that Respondent did not engage in attorney misconduct as charged. Accordingly, we enter judgment in Respondent's favor.

## Procedural Background and Facts

At relevant times, Respondent served as a deputy prosecuting attorney in Marion County.[1]  In 2012, Respondent represented the State during the trial of Bruce Ryan on charges of sexual misconduct with a minor.  In 2013, Respondent represented the State during the trial of Brandon Brummett on charges of child molesting and sexual misconduct with a minor.  Both trials resulted in convictions and, in the ensuing direct appeals, each defendant's convictions were challenged on grounds of prosecutorial misconduct.  Based on the appellate records that were before us, and applying the well-settled standards for reviewing such claims in a criminal setting, we concluded that prosecutorial misconduct indeed had occurred in each trial.  We reversed Brummett's convictions, summarily affirming the Court of Appeals' conclusion that the cumulative effect of several of the challenged actions by Respondent and her co-counsel amounted to fundamental error.  Brummett v. State, 10 N.E.3d 78 (Ind. Ct. App. 2014), *aff'd on reh'g*, 21 N.E.3d 840, *summarily aff'd in relevant part on transfer*, 24 N.E.3d 965 (Ind. 2015).  We affirmed Ryan's convictions after concluding the misconduct did not rise to the level of fundamental error.  Ryan v. State, 9 N.E.3d 663 (Ind. 2014).

The Commission thereafter charged Respondent with violating Indiana Professional Conduct Rule 3.4(e)[2] during the Ryan and Brummett trials and Rule 8.4(d)[3] during the Brummett trial.  Following a hearing, the hearing officer filed his report to this Court on February 10, 2017, concluding the Commission had not met its burden of proving that Respondent violated the rules as charged.

---

[1] Respondent has prior discipline involving criminal conduct committed while she was a deputy prosecuting attorney in Marion County, and the parties' agreed resolution of that case stipulated that Respondent had resigned her position as deputy prosecutor.  *See* Matter of DePrez, 928 N.E.2d 198 (Ind. 2010).  The parties in this case do not explain how Respondent came to resume her prosecutorial role shortly after our acceptance of the conditional agreement for discipline in the prior case.

[2] Rule 3.4(e) provides, "A lawyer shall not . . . in trial, allude to any matter that the lawyer does not reasonably believe is relevant or that will not be supported by admissible evidence, assert personal knowledge of facts in issue except when testifying as a witness, or state a personal opinion as to the justness of a cause, the credibility of a witness, the culpability of a civil litigant or the guilt or innocence of an accused[.]"

[3] Rule 8.4(d) provides, "It is professional misconduct for a lawyer to . . . engage in conduct that is prejudicial to the administration of justice[.]"

**Discussion**

The Commission has petitioned this Court to review the hearing officer's findings and conclusions. The Commission carries the burden of proof to demonstrate attorney misconduct by clear and convincing evidence. *See* Ind. Admission and Discipline Rule 23(14)(i) (2016). While the review process in disciplinary cases involves a *de novo* examination of all matters presented to the Court, the hearing officer's findings nevertheless receive emphasis due to the unique opportunity for direct observation of witnesses. *See* Matter of Brizzi, 962 N.E.2d 1240, 1244 (Ind. 2012).

The hearing officer relied heavily on our decision in Matter of Smith, 60 N.E.3d 1034 (Ind. 2016), which we issued after the instant case was charged and tried but before the hearing officer issued his report. Like the instant case, Smith involved a deputy prosecutor charged with professional misconduct in the wake of an appellate reversal of a defendant's conviction on grounds that included prosecutorial misconduct. Also like the instant case, the Commission's prosecution of the disciplinary action in Smith was structured largely around the notion that a criminal appellate finding of prosecutorial misconduct was dispositive of the question of professional misconduct in disciplinary proceedings. We rejected this notion in Smith and we do so again here:

> "It is the exclusive province of this Court to regulate professional legal activity." Matter of Mitthower, 693 N.E.2d 555, 558 (Ind. 1998). While appellate claims of prosecutorial misconduct and disciplinary allegations of Rule 8.4(d) violations may share some similarities, the analyses are not exactly the same, nor are the parties and interests at stake in the proceedings the same. A criminal appeal examines the propriety of a defendant's conviction, not whether an attorney's conduct merits professional discipline. Respondent was not a party to the criminal appeal and did not have an opportunity prior to the instant proceedings to defend his own professional conduct. Moreover, disciplinary proceedings afford the opportunity for evidentiary development beyond the cold record available to the Court of Appeals in a criminal appeal. We have previously recognized that a written trial transcript "presents only a small part of the whole picture," *see* Whiting v. State, 969 N.E.2d 24, 31 (Ind. 2012), and in a disciplinary proceeding the parties may be able to offer additional evidence that paints a more complete picture.

Smith, 60 N.E.3d at 1036.

In Smith, the "more complete picture" adduced during disciplinary proceedings demonstrated that professional discipline for the deputy prosecutor was not merited. In sum, of the various errors identified by the Court of Appeals as cumulatively warranting reversal of the defendant's conviction, three instances were alleged by the Commission to have involved professional misconduct by the respondent. But extrinsic evidence revealed that one of these identified errors did not actually happen (the transcript of closing argument was inaccurate), another was wholly the fault of a witness and not attributable to any act or omission by the respondent, and the third involved a conscientious (if unsuccessful in hindsight) effort by the respondent to craft a particular line of questioning in a manner that conformed with highly fact-sensitive appellate guidance.

At issue in the instant disciplinary proceedings are one portion of Respondent's closing argument during the Ryan trial and six portions of her closing argument in the Brummett trial. Most of these instances were addressed and held to have been prosecutorial misconduct in the respective criminal appeals. Similar to the respondent in Smith, Respondent has attempted in this disciplinary proceeding to provide additional context for the events at issue. And like Smith, the hearing officer ultimately found Respondent's testimony credible.

The parties and the hearing officer have exhaustively dissected the segments of closing argument at issue, as framed by the additional context provided during these disciplinary proceedings. We find Respondent's *post hoc* explanations as a whole to be somewhat less convincing than the extrinsic evidence adduced in Smith, but we also are hesitant on these facts to ground a finding of professional misconduct on a *post hoc* parsing of semi-spontaneous oral statements made during the heat of trial. Keeping in mind the Commission's burden of proof and the emphasis we afford factual findings arising from the hearing officer's opportunity to observe witnesses directly and adjudge their credibility, a majority of this Court accepts the hearing officer's report and recommendation and concludes that the Commission's allegations of professional misconduct against Respondent have not been clearly and convincingly proven.

4

We caution that by no means should our opinion today be read as an endorsement of Respondent's actions. For the reasons outlined in <u>Ryan</u> and <u>Brummett</u>, we continue to disapprove of arguments that invite a conviction for reasons other than a defendant's guilt, impugn the integrity of defense counsel, or otherwise create a "good guy / bad guy dichotomy" between the respective roles of the State and defense counsel. Arguments of this nature, whether intentionally or carelessly made, endanger the defendant's right to a fair trial and the probability that any resulting conviction will survive appellate review. It is no small thing for a conviction to be reversed and a case retried, particularly in cases such as these involving allegations of sex offenses against children; it delays justice, places a strain on limited judicial resources, and forces victims and others to testify yet again. Respondent's conduct in these cases caused one conviction to be lost, placed another at unnecessary risk of being lost, and placed herself at risk of professional discipline. Prosecutors would be well-advised to exercise better care in crafting their presentations to juries than Respondent did here.

## Conclusion

A majority of the Court concludes that the Commission has not met its burden of proving by clear and convincing evidence that Respondent violated Indiana Professional Conduct Rules 3.4(e) or 8.4(d). We therefore enter judgment in favor of Respondent. The hearing officer appointed in this case is discharged.

5