


FILED

Aug 29 2018, 12:12 pm

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 64S00-1705-DI-325

## In the Matter of
## Trista A. Hudson
*Respondent.*

---

Decided: August 29, 2018

Attorney Discipline Action

Hearing Officer William N. Riley

---

**Per Curiam Opinion**

All Justices concur.

**Per Curiam.**

We find that Respondent, Trista Hudson, committed attorney misconduct by failing to disclose exculpatory evidence and by prosecuting a charge she knew was not supported by probable cause. For this misconduct, we conclude that Respondent should be suspended for at least eighteen months without automatic reinstatement.

This matter is before the Court on the report of the hearing officer appointed by this Court on the Indiana Supreme Court Disciplinary Commission's verified disciplinary complaint. Respondent's 1998 admission to this state's bar subjects her to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4.

## Procedural Background and Facts

At relevant times, Respondent served as a deputy prosecuting attorney in Porter County. In 2013, "Defendant" was charged with five counts of child molesting, the first four of which were tried together and are at issue here. Counts I and II alleged criminal deviate conduct involving Defendant's stepchildren K.C. and E.C., respectively. Counts III and IV alleged fondling with respect to K.C. and E.C. The four counts were based upon statements made by the children to various police officials, and there was no physical or medical evidence of child molesting.

Five days before trial, Respondent interviewed E.C. in preparation for trial with a detective present. During this interview E.C. recanted the facts underlying Count II, stating he had lied at the request of his and K.C.'s biological father. Respondent believed E.C.'s recantation was truthful.

However, Respondent did not disclose E.C.'s recantation to defense counsel, nor did she withdraw Count II at any point prior to or during trial. During her direct examination of E.C. at trial, Respondent avoided asking any questions about the allegations underlying Count II. E.C.'s recantation, and the fact his father had coached him to lie, was revealed at trial during defense counsel's questioning of E.C. and other witnesses. Respondent did not immediately disclose to the court that she had known

about E.C.'s recantation for nearly one week. After the prosecution concluded its case-in-chief, the trial court addressed Respondent's failure to disclose the recantation and determined that the appropriate remedy was to enter judgment of acquittal for Defendant as to all four counts.[1]

The Commission charged Respondent with violating Indiana Professional Conduct Rules 3.8(a), 3.8(d), and 8.4(d) in connection with the conduct described above. Following a hearing, the hearing officer filed his report to this Court concluding that Respondent violated each of those three rules as charged.

The Commission also charged Respondent with violating Rules 8.1(a) and 8.4(c), based on the Commission's allegation that Respondent's response to the Commission's request for investigation was knowingly false. The hearing officer concluded that the Commission had not met its burden of proving these charges by clear and convincing evidence.

## Discussion and Discipline

Respondent concedes a violation of Rule 3.8(a) but seeks our review of the hearing officer's conclusions that she violated Rules 3.8(d) and 8.4(d) as well as certain underlying findings made by the hearing officer. The Commission does not seek our review of the hearing officer's conclusions that the Commission failed to prove the Rule 8.1(a) and Rule 8.4(c) charges. Both parties also have filed briefs addressing the question of appropriate sanction.

The Commission carries the burden of proving attorney misconduct by clear and convincing evidence. *See* Ind. Admission and Discipline Rule 23(14)(g)(1). We review de novo all matters presented to the Court, including review not only of the hearing officer's report but also of the entire record. *See Matter of Neary*, 84 N.E.3d 1194, 1196 (Ind. 2017). The hearing officer's findings receive emphasis due to the unique opportunity

---

[1] The State did not appeal this decision, and Respondent's employment with the prosecutor's office was terminated following Defendant's trial.

for direct observation of witnesses, but this Court reserves the right to make the ultimate determination. *Id.*

Rule 3.8(a) forbids a prosecutor from prosecuting a charge that she knows is not supported by probable cause. Respondent concedes that she violated this rule but attempts to cast her violation as merely a "formal" one, in that (according to Respondent) Count II technically was left "in the case" as Defendant's trial commenced but otherwise was abandoned by the prosecution. (Mem. in Support of Pet. for Review at 42-43). The hearing officer did not agree with this reductive view, nor do we. Respondent gave no indication that Count II was being abandoned when the court reviewed with counsel the proposed preliminary instructions (which included an instruction on the Count II charge), nor did she do so when those instructions were given to the jury orally and in writing. And immediately after the preliminary instructions were given to the jury, Respondent told the jury in her opening statement that "[a]t the end of the evidence . . . I will ask you to find this Defendant guilty in what he is charged with, the four counts of child molesting." (Ex. 5 at 26).

Respondent also admits that she failed to disclose E.C.'s recantation to the defense, but she argues that Rule 3.8(d) did not require her to do so. We disagree. Respondent's argument is premised on the tenuous notion that E.C.'s recantation was merely impeachment evidence, which Respondent contends Rule 3.8(d) does not encompass. But Rule 3.8(d) in relevant part expressly requires timely disclosure of "**all** evidence or information known to the prosecutor that tends to negate the guilt of the accused" (emphasis added). Rule 3.8(d) contains one limited exception not applicable here involving information subject to a protective order. But

there is no exception for impeachment evidence.[2] Further, under the circumstances of this case we cannot agree that E.C.'s recantation was merely impeaching. Respondent concedes E.C.'s recantation was evidence tending to negate Defendant's guilt on Count II, and as discussed above we reject Respondent's contention that the inclusion of Count II in the trial was a trivial formality. And in a case in which all remaining counts likewise were founded entirely upon reports made by Defendant's two stepchildren, we find it very difficult to characterize direct evidence that the stepchildren's father successfully coached at least one of them to lie about what Defendant had done as mere impeachment.

Finally, Respondent argues in her briefing to this Court that her conduct was not "prejudicial to the administration of justice" within the meaning of Rule 8.4(d). Again, we cannot agree. The first component of Respondent's argument echoes one addressed above; namely, Respondent's contention that Defendant was never actually at risk of conviction of Count II, notwithstanding its inclusion in the trial, because Respondent elicited no evidence to support that count. This argument conflates prejudice to the defendant with prejudice to the administration of justice; they are not the same, and the focus of Rule 8.4(d) is the latter. *See Neary*, 84 N.E.3d at 1197. The second component of Respondent's argument is that the trial court "overreacted" in entering judgment of acquittal on all four counts and instead should have taken less drastic remedial action, such as declaring a mistrial and then retrying Defendant on Counts I, III, and IV. (Mem. in Support of Pet. for Review at 66-68).

---

[2] Respondent devotes much of her memorandum in support of her petition for review to analyzing the disclosure requirements under the criminal-law *Brady* doctrine. *See Brady v. Maryland*, 373 U.S. 83 (1963). But in this attorney discipline case, our focus is on the requirements of Rule 3.8(d). *Accord Matter of Smith*, 60 N.E.3d 1034, 1036 (Ind. 2016). We note that in applying similar versions of Rule 3.8(d), some jurisdictions have treated the duties imposed by the rule coextensively with the duties imposed under *Brady*. *See, e.g., In re Seastrunk*, 236 So.3d 509, 518-19 (La. 2017). Other jurisdictions have held that a prosecutor's ethical obligations under the rule are broader than those imposed by *Brady*. *See, e.g., In re Disciplinary Action Against Feland*, 820 N.W.2d 672, 678 (N.D. 2012). We need not choose today between these two approaches because we find Respondent's conduct runs afoul of Rule 3.8(d) under either approach.

Even assuming that the trial court had other options within its discretion to exercise, we are not inclined to shift culpability for the prejudicial effects of an attorney's misconduct onto the court forced to take remedial action to address that misconduct.[3] *Accord Neary*, 84 N.E.3d at 1197. We also note that Respondent testified as follows at the final hearing in this matter:

> Whether or not I thought Judge Alexa should've done something a little different still doesn't negate the fact that but for my lack of making a better decision he never would've been put in that place and ultimately, as I mentioned, victims not getting justice, the State of Indiana being harmed, the potential of, God forbid, [Defendant] doing something to someone else, none of that would be a consideration if I had done something different.

(Tr. at 204-05). Respondent's testimony accurately captures the thrust of Rule 8.4(d).

In sum, we find sufficient support for the hearing officer's findings and conclusions. Accordingly, we find that Respondent violated Rules 3.8(a), 3.8(d), and 8.4(d), and we find in favor of Respondent on the remaining charges. We turn now to the matter of sanction.

Quite thankfully, we have not previously had occasion to consider the question of an appropriate sanction for a Rule 3.8(a) or Rule 3.8(d) violation. There can be little doubt that prosecuting a charge known to lack probable cause, and failing to disclose known information or evidence tending to negate a defendant's guilt, are among the most serious ethical violations a prosecutor could commit. "The State is never more awesomely powerful, nor is the individual more vulnerable, than in a criminal prosecution[.]" *State v. Taylor*, 49 N.E.3d 1019, 1023 (Ind. 2016).

---

[3] Regardless, different remedial action still would have resulted in prejudice to the administration of justice. For example, a mistrial would have resulted in a delay in the prosecution, the expenditure of additional judicial resources, the selection and impanelment of a second jury, and the need for witnesses (including E.C. and K.C.) to testify a second time.

These rules of professional conduct are central to the prosecutorial function and essential to ensuring the integrity and fairness of our criminal justice system.

Respondent urges us to impose a public reprimand, arguing that she committed only a "formal" Rule 3.8(a) violation and likening her case to *Matter of Henderson*, 78 N.E.3d 1092 (Ind. 2017). As discussed above, Respondent's rule violations were not so limited. Moreover, the nature of Respondent's misconduct in this case significantly differs from the ill-advised book deal negotiated by the prosecutor in *Henderson* and affected the underlying criminal case far more directly.

The Commission urges us to impose a four-year suspension without automatic reinstatement, likening this case to *Neary*, in which the prosecutor eavesdropped on confidential attorney-client discussions in two separate criminal cases. The types of misconduct at issue in this case and in *Neary* are extremely serious and erode public confidence in the criminal justice system. Without attempting to parse which prosecutorial transgression is qualitatively worse, we find Respondent's conduct in this one single case distinguishable from the prosecutor's repeated violations in *Neary*. Additionally, during her testimony in this case Respondent expressed some measures of contrition, regret, and insight into her misconduct that distinguish her from the prosecutor in *Neary*.[4]

After careful consideration of this matter, we conclude that Respondent should be suspended for a period of at least eighteen months and required to go through the reinstatement process before resuming practice.

---

[4] *See, e.g.*, Tr. at 170 ("[T]his is completely on me, it was my case"), at 192 (describing her failure to disclose E.C.'s recantation to defense counsel as "ridiculous, quite frankly" and explaining "[i]t's almost like I shut everything else out, every other reasonable thought that you would think a person in my position, meaning my experience, would've done"), at 193 ("I can't explain to you the amount of guilt I feel [that K.C. and E.C. did not get a verdict on Counts I, III, and IV]. I struggle with that because I was supposed to protect them and also I was supposed to protect, if the jury found him guilty, any other children in the future from him, and because I failed to recognize an issue that will forever be on my shoulders"), and at 204-05 (quoted above).

# Conclusion

The Court concludes that Respondent violated Professional Conduct Rules 3.8(a), 3.8(d), and 8.4(d). The Court finds in favor of Respondent on the remaining charges.

For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of at least eighteen months, without automatic reinstatement, effective October 10, 2018. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the minimum period of suspension, Respondent may petition this Court for reinstatement to the practice of law in this state, provided Respondent pays the costs of this proceeding, fulfills the duties of a suspended attorney, and satisfies the requirements for reinstatement of Admission and Discipline Rule 23(18).

The costs of this proceeding are assessed against Respondent. The hearing officer appointed in this case is discharged.

All Justices concur.

ATTORNEY FOR RESPONDENT
Donald R. Lundberg
Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Seth Pruden, Staff Attorney
Larry Newman, Staff Attorney
Indianapolis, Indiana