



FILED

Jan 29 2020, 10:36 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

IN THE

# Indiana Supreme Court

Supreme Court Case No. 19S-DI-309

## In the Matter of
## Joseph W. Burton,
*Respondent.*

Decided: January 29, 2020

Attorney Discipline Action

**Per Curiam Opinion**

All Justices concur.

**Per curiam.**

We find that Respondent, Joseph Burton, committed attorney misconduct by abusing his prosecutorial authority as part of a campaign of retaliation against a detective. For this misconduct, we conclude that Respondent should be suspended from the practice of law for 90 days with automatic reinstatement.

Pursuant to Indiana Admission and Discipline Rule 23(12.1)(b), the Indiana Supreme Court Disciplinary Commission and Respondent have submitted for approval a conditional agreement for discipline and related papers stipulating agreed facts, costs, and proposed discipline. Respondent's 1992 admission to this state's bar subjects him to this Court's disciplinary jurisdiction. *See* IND. CONST. art. 7, § 4. The Court approves the agreement and proposed discipline.

## Stipulated Facts

J. Dirk Carnahan currently is, and at all relevant times was, the elected prosecutor in Knox County. Respondent was Carnahan's chief deputy prosecutor in Knox County until he "retired" from that position during the progression of events described below.[1]

In December 2017, "Defendant" was facing methamphetamine-related charges in Greene County when she met with a "Detective" with the Vincennes Police Department ("VPD"). Before the interview, Detective had been informed by the Indiana State Police that Defendant was having a sexual relationship with "your prosecutor," but Detective did not know if this meant Carnahan or Respondent. During the interview, Detective asked Defendant if either Carnahan or Respondent had engaged in a sexual relationship with her. Defendant indicated she had never been involved in such a relationship with Carnahan but that she had been

---

[1] A disciplinary complaint also has been filed against Carnahan and remains pending as a separate matter. Our opinion today, accepting the conditional agreement reached by the Commission and Respondent, binds only the parties to this case.

engaged in an on-and-off sexual relationship with Respondent for about 20 years. At the conclusion of the interview Detective suggested that it would not be a good idea for Defendant to tell Respondent about the interview.

In March 2018, after she had been convicted, sentenced, and incarcerated in the Greene County matter, Defendant told Respondent about her interview with Detective. Referring to Detective, Respondent told Defendant "that little bitch's got it coming now; I'll have that bitch by her fucking hair now." He also told Defendant that Carnahan "went berserk" after learning of the interview and planned to escalate the matter to VPD's Chief of Police. Respondent instructed Defendant to supply him and Carnahan with a statement about the interview, and Respondent provided Defendant with some specific guidance on what that statement should say. Defendant supplied this letter a few days later.

In early April 2018, after receiving the letter from Defendant, Carnahan filed with the VPD an Employee Misconduct Complaint against Detective.

Beginning in March 2018 and continuing through April, Respondent and Defendant discussed the possibilities of Defendant's sentence being modified and Defendant living with Respondent on electronic monitoring home detention instead of serving the remainder of her sentence on work release. Respondent agreed to talk with the Greene County Prosecutor about this and told Defendant "you've got an ally in the right place, after you sent that letter." And on April 5, after the complaint was filed with the VPD, Respondent called Defendant and instructed her to tell any future investigators that Respondent was Defendant's attorney and any inquiries should be referred to him. During all of these events, Respondent was still the chief deputy prosecutor in Knox County; he "retired" from that position effective April 21.

VPD investigators met with Defendant in prison on May 7. On May 8, Respondent instructed Defendant not to speak with the investigators again. Respondent also instructed Defendant to write another letter to Carnahan regarding the May 7 interview and provided guidance on what to include in the letter. Defendant supplied this letter to Carnahan a few days later.

The parties agree that Respondent violated these Indiana Professional Conduct Rules prohibiting the following misconduct:

> 1.7(a)(2): Representing a client when there is a concurrent conflict of interest.

> 8.4(d): Engaging in conduct prejudicial to the administration of justice.

> 8.4(e): Stating or implying an ability to improperly influence a government agency or official or to achieve results by means that violate the Rules of Professional Conduct.

The parties cite Respondent's substantial experience in the practice of law as a fact in aggravation. In mitigation the parties cite among other things Respondent's lack of prior discipline, his remorse and cooperation with disciplinary proceedings, and his many years of public service.

## Discussion and Discipline

Our analysis of appropriate discipline entails consideration of the nature of the misconduct, the duties violated by the respondent, any resulting or potential harm, the respondent's state of mind, our duty to preserve the integrity of the profession, the risk to the public should we allow the respondent to continue in practice, and matters in mitigation and aggravation. *See Matter of Newman*, 958 N.E.2d 792, 800 (Ind. 2011).

We have encountered before cases involving various collisions between a prosecutor's public duties and his personal or private financial interests. *See, e.g., Matter of Brizzi*, 71 N.E.3d 831 (Ind. 2017); *Matter of Henderson*, 78 N.E.3d 1092 (Ind. 2017); *Matter of Thayer*, 745 N.E.2d 207 (Ind. 2001). But the stipulated facts of this case, and the two Rule 8.4 charges, involve more than an isolated conflict of interest. Specifically, they reflect an attempt by Respondent to improperly leverage his prosecutorial authority to exact a personal vendetta against a police detective.

We find similarity between this case and *Matter of Christoff and Holmes*, 690 N.E.2d 1135 (Ind. 1997). There, an elected prosecutor and his chief deputy improperly used their prosecutorial discretion and authority in a

coordinated effort to retaliate against a political opponent. We suspended the prosecutor and reprimanded the chief deputy for their violations of Rule 8.4(d), explaining that "[u]se of prosecutorial authority becomes improper when the sole or overriding motivation for exercising it is the prosecutor's personal benefit or gain, and not to further the public interest of effective law application and enforcement." *Id.* at 1141.

Respondent similarly abused his position in an effort to retaliate against a detective who, acting upon information provided to her by another law enforcement agency, was seeking to determine whether Respondent or Carnahan had attempted to trade consideration of leniency in Defendant's criminal matters over the years for sexual contact. Like the chief deputy in *Christoff and Holmes*, Respondent's overriding motivation was not to further the public interest but rather to protect his own self-interest.

Taking into account the nature of Respondent's misconduct, the range of sanctions imposed in prior cases involving similar misconduct, and the stipulated factors in aggravation and mitigation, we are persuaded that the mid-range suspension with automatic reinstatement agreed upon by the parties is an appropriate sanction in this case.

# Conclusion

The Court concludes that Respondent violated Professional Conduct Rules 1.7(a)(2), 8.4(d), and 8.4(e). For Respondent's professional misconduct, the Court suspends Respondent from the practice of law in this state for a period of 90 days, effective immediately. Respondent shall fulfill all the duties of a suspended attorney under Admission and Discipline Rule 23(26). At the conclusion of the period of suspension, provided there are no other suspensions then in effect, Respondent shall be automatically reinstated to the practice of law, subject to the conditions of Admission and Discipline Rule 23(18)(a).

The costs of this proceeding are assessed against Respondent. Pursuant to the parties' stipulation, the Court hereby orders Respondent to pay the following expenses in separate checks to be transmitted to the Commission: (1) $98.89, payable to the Commission for investigative

expenses; (2) $250.00, payable to the Clerk for court costs; and (3) $375.00, payable to the Court for hearing officer expenses.

With our acceptance of the parties' agreement, the hearing officer appointed in this case is discharged.

All Justices concur.

ATTORNEY FOR RESPONDENT
Donald R. Lundberg
Indianapolis, Indiana

ATTORNEYS FOR INDIANA SUPREME COURT
DISCIPLINARY COMMISSION
G. Michael Witte, Executive Director
Larry D. Newman, Staff Attorney
Aaron Johnson, Staff Attorney